And we'll begin with argument in the first case, number 22-1747, Rabinowitz v. Kelman. Mr. Schwab, whenever you're ready. Good morning, your honors. May it please the court. I'm going to try to go through the, I guess, six points that are in the brief. And the first is starting with the arbitration agreement. I believe the district court got it wrong because the agreement says decree of the arbitrator shall be enforceable in the courts in the State of New Jersey and or New York. And the law in all the circuits that have considered this issue and the Second Circuit and DICTA and the Yackin case and the district courts as well state that when a clause says that the arbitration can be confirmed or enforced in the courts of the state of the place, it means any court that's located in that state, it's not excluding federal courts. Those federal courts are included and therefore the southern district is a proper place for this case to have been confirmed. That's why we- Can I ask you to just take a step back from all these things? Sure. The district court dismissed on grounds of lack of subject matter jurisdiction, right? Right. And it was my understanding that the parties agreed that that's the question that is dictated by the agreements, how you read the agreements. Is that right? Well, I don't think it's, we argued in our brief, it's not a subject matter jurisdiction issue, it's a venue issue. Well, right, I meant more, okay. Is it your position then that whatever the agreement says has no bearing on subject matter jurisdiction? I think so. Yeah, subject matter, we have subject matter jurisdiction because there was diversity. Okay. So therefore, there is subject matter jurisdiction. The statute, the FAA statute that the defendant appellee relies upon is contradicted by a Supreme Court case that says that if you have diversity, you can sue the party to confirm an arbitration. So if we agree with you, what should we do? Well, I think that if you agree with me- On that point. Yeah, on that point. The next point is the venue point, that the judge got it wrong. I believe that the judge did not mean subject matter jurisdiction, Your Honor. I think he, I'm assuming he meant venue, because that's what the case law discusses. And on the venue issue, this is a, the Southern District is a court in the State of New York. The second sentence is a permissive forum, forum, forum selection clause, and the parties submitted themselves to the personal jurisdiction of the courts of the State of New York. But that doesn't exclude going to the Southern District as the first sentence of the arbitration clause states. So therefore, I believe the district court got it wrong. And the next issue is, again, you need to have exclusionary language. There's no exclusionary language in this, in the second clause or the first clause. Therefore, arbitration was appropriate. Confirming the arbitration in the Southern District was appropriate. A different argument that the appellee makes was, was this final? This was a final decision. Under the jurisprudence of the Second Circuit, the issue that was presented was enforcement of the settlement agreement. The arbitrators ruled that the defendant owes $4 million to my client. Now, there is a outstanding issue of attorney's fees. But attorney's fees is not, does not make, the lack of a decision on the attorney's fees does not make the decision not final. Aside from the case law that we cited. Is finality a question of law or fact? I think it's a question of law. I mean, it's undisputed that the attorney's fees wasn't decided. And the case law says that if attorney's fees is not decided, that that's still considered final. It was a final decision. Why would we reach that? Let's say, again, we agreed with you on the first point and said, this is not a question of subject matter jurisdiction at all. As you say, subject matter jurisdiction here is established by diversity. And now we get into the question of interpreting the form selection clause. And let's say we interpret that what the district court was doing is something it ought to have been doing. That kind of an exercise it should have been doing in terms of form selection, form nonconvenience. And even as soon as we reach that, because we say, well, the district court sort of got into that, just framing it the wrong way. Why would we get into all these other questions of finality and whatnot that the district court did not get into? Normally, we're not the court of first instance, right? We let a district court sort things out, and then we review what the district court did. Why would we do something differently here? Your Honor, in the briefs, we discussed that when it comes to issues of law. This is a two year old case on a summary proceeding. The issues are simple. We're still here two years later. The issues are simple. The finality issue is simple. The case law states that this is final. There's no issues of fact debate over here about finality and finality. The worry is that this case is just going to keep dragging on forever and ever and ever unless we just take a penalty. It's a simple case. There's a choice of law issue of the FAA versus, that's the final issue, the FAA versus the New York procedural law. The court in the past, the Second Circuit, has ruled on choice of law issues. It's, once again, not debated. The plaintiff comes from overseas. The property is in New York and New Jersey. These are all facts that everybody agrees upon. You're here, but couldn't you also have just gone down the block and tried again? I did try down the block. And I also, I mean, that doesn't answer the question, but I did try down the block. And the New Jersey federal court is waiting for this court to decide what the story is before it decides what to do. I thought this would be the quickest place, to go to federal court. And that's what I told my client, that it would be the quickest place. But didn't you start a proceeding and you had a third court? I did. After the Southern District Judge said, go to New York State Court or New Jersey State Court, I went to New York State Court. And the New York State Court said, well, you have a pending in New Jersey. You have a pending in the Southern District. You have an appeal going on. And are those all stayed right now or being held? The New Jersey federal case is, it is technically stayed. There's a stay decision there. Waiting for us. That's what he wrote in his decision, that he's waiting for you. And the New York State Court threw it out because you've already got a case in New Jersey. Exactly. The New York State Court, I believe wrongly, but threw it out because there was a case in New Jersey. So you've been trying to get this thing heard and nobody will listen. Right. I mean, he owes $4 million. That was the decision. It's done. It's incredible how long this has lasted. And it's all legal issues. I think this court can make the decision. The court has done it in the past and it should do it here as well. Thank you very much. I think we deserve a couple minutes for Mr. Krueger. Thank you, Your Honor. May it please the court. We actually have two agreements that this court has to construe. Sir, before you go there, I'm sorry. Could you just address the subject matter jurisdiction point? Do you actually contend that the agreements, either or both of them, have any effect on our subject matter jurisdiction? No, it's our contention, Judge, that the question is a matter of forum and venue. So you agree the district court's decision was erroneous when it dismissed for lack of subject matter jurisdiction? Well, like my opposing counsel here, I construed the decision based upon the cases that were cited as dealing with whether the federal court should exercise jurisdiction. What does that mean, exercise jurisdiction? What kind of jurisdiction? Subject matter jurisdiction? Whether the court should hear the case in light of the clauses that the parties agreed upon which provide for venue in state court. Well, I don't see how the court can do that if it didn't have subject matter jurisdiction. So why don't we just say it, why don't we just cut to the chase? You just said it's a venue issue. To decide venue, you have to have subject matter jurisdiction. So the court was wrong to say that there was no subject matter jurisdiction? If that's your Honor's interpretation, I don't have an argument with regard to that. I'm here because I want to enforce the clauses that the parties agreed to, saying where the matter should be heard, and they say it should be heard in state court. What effect, if any, should we give to the difference between of and in? Well, I think before you get to that, you have to look at both agreements. And if I may approach that issue from that perspective, Judge. This court has held that form selection provisions should be generally upheld. Unless there's some egregious impropriety. And there's a difference between exclusive form selection clauses and permissive ones, right? There is, there is. You can have one variant of a form selection clause says, we may go to place X. But we interpret such an agreement to say, but you're not limited to place X. And there are other kinds that say, we will agree to litigate in place X, and only in place X. And those are exclusive. I take it your argument is that this is of the latter variety. Correct, Your Honor. And I'll tell you why, if I may. First of all, the clause in the settlement agreement is the language that the parties adopted. It is the language and the words that they chose. And when you look at the settlement agreement, which the language of which I'm referring to is in the appendix of page 19. The sentence says, the parties each hereby submit to the jurisdiction of the New Jersey State Courts located in Ocean County or the courts of Israel, as the case may be. But the sentence doesn't end there. It goes on to say that they do this for what purpose? For the enforcement of any arbitration award pursuant to this paragraph or for any equitable relief related to the rights and responsibilities contained in this agreement. These words to me bespeak exclusivity. The parties said in the agreement that they drafted, we're going to either Ocean County, New Jersey, or the courts of Israel for any arbitration award enforcement proceeding. Where does it say any? It says any, I'm reading a judge, quote, for the enforcement of any arbitration award. Well, that's any award. It is. That's different from saying any litigation shall be held in these places. It's- It's saying any award. They certainly could have written a clearer provision, Judge. I don't dispute that. But I believe that these words, when written in the context in which they are provided in paragraph four of the settlement agreement, bespeak exclusivity. And I think that those are the words that should be given the most effect here. If I may- Can I just ask you, I mean, just to take a look at our case in Butary. The word any doesn't necessarily, this is not sort of a word, you know, appearing somewhere, anywhere in a sentence will necessarily, as you say, bespeak exclusivity. In Butary, the Foreign Selection Clause said any dispute between the parties shall come within the jurisdiction of the competent Greek courts, right? Yes. And we said that's non-exclusive. And you're saying the enforcement of any award, where is it? It's, I'm saying, Judge, that as written in paragraph four- No, no, no, I know that. Yes. How do you distinguish that? How is your word stronger than Butary, which says any dispute shall come within the jurisdiction of the competent Greek courts? And we said, yep, non-exclusive. I'm reading that word any in the context of the entire sentence. Right. And I think that- What is the context that changes the meaning of any compared to how we read it in Butary? I think it's different based upon the entire sentence that it is contained in and the entire provision of paragraph four in which it is contained. And then I would go on to say, Judge, that the words that the parties themselves chose should be given the greatest weight and full force in effect. And I make that statement because the words that are in the arbitration agreement, the parties did not choose. They had chosen the rabbinical court in Lakewood to go to. That court had a form. And in order to proceed in that court, both of the parties had assigned that form. Now, appellant relies principally on that form for his arguments. I say that that's incorrect because those are words that the parties did not choose. It's, for all intents and purposes, a contract of adhesion that they were given. If you want to go here for arbitration, here's the form you have to sign. And both parties signed it. I don't think that the words in the arbitration- Well, ordinarily, a contract of adhesion is one that is drafted by one party and foisted upon the other one. Well, here- Here, it's a neutral forum that has drafted rules, you know, fair rules of the road for everybody. Yes, Judge, but those words were not chosen by the parties. And that's why I think when you look at both provisions, you should give more force and effect to Paragraph 4 of the settlement agreement and the language therein. And from my perspective, I view those words as bespeaking exclusivity with regard to the courts of Ocean County, New Jersey, and Israel. And- If we were hypothetically to disagree with you on this point, what is your view as to whether our court should proceed to consider the other questions here, as opposed to letting the disreport sort them out? Your opponent suggests this case has been dragging on forever, and if these things are amenable to decision as a matter of law, we might as well decide them if the answer is apparent on the face of the record. What's your response? That this court should not. There are mixed questions of fact and law that need to be decided. And as Your Honor pointed out earlier, this court ordinarily does not address those matters as a matter of first impression. But above and beyond that, as the issue of dragging this case on, I don't want this court to be misled. My client, through my office, filed the New Jersey matter in Ocean County, pursuant to Paragraph 4 of the settlement agreement, to vacate the award. Of course, that would have had the court do either vacate or confirm, as the case may be. That matter was removed by appellant to the federal district court in New Jersey. That court stayed the matter at the request of appellant to allow this court to allow actually the district court here to first proceed. When the district court dismissed the case here, the appellant didn't go back to New Jersey. In fact, an order to show cause was issued by Judge Shipp in New Jersey, saying, why shouldn't I remand this now to Ocean County, because I agree that the clause Judge Shipp said, I understand it's not authoritative for you, but he viewed the clause the same way that the judge here below did. This is all a procedural tangle that we're not going to unravel, but we do have a text here. And you're quoting a sentence from the settlement agreement, but the prior sentence says that any arbitration award may be enforced in any court having jurisdiction thereof. Now, doesn't the district court in New York have jurisdiction? That's what we were talking about earlier. You said it's an issue of venue, but I don't understand you to seriously dispute that the court has jurisdiction. The federal district court in New Jersey, in the footnote at page A30, agreed with Judge Roman that he viewed the fact that the New Jersey court should hear the matter and that it should be remanded. I understand that's not binding on this court. In any court having jurisdiction, more than one court can have jurisdiction. You people are in three different courts. That's true, Judge. I didn't go to three different courts. I went to the court in New Jersey based on the settlement agreement. My adversary went first to the southern district, then opposed after removing the matter to federal district court in New Jersey. You went to state court, as I understand it, because in the state court procedures, your filing to seek vacater of the award would be timely, whereas it may not be in federal court. Well, that is true, that that's an effect of that, but we went there because the settlement agreement said the courts of Ocean County, New Jersey. And that reflects the intent of my party's understanding of what that clause meant, was he was supposed to go- Procedurally, what difference does it make whether you have dueling motions? If your adversary wins, if your adversary loses, then you win whether you make a motion to vacate or not. That may be true, Judge, but the New Jersey State Court proceeds very rapidly, and we made the application by order to show cause in Ocean County, because we felt that that was going to be the fastest route to the conclusion of this matter. That was opposed after it was removed by appellant to the federal district court in New Jersey. He then moved to stay the matter, and Judge Shipp, just to be clear, is not waiting for this court. Judge Shipp was originally only waiting for the district court to rule. Since then, we don't know why the court is waiting. I presume it's aware of the appeal. It is aware of the appeal by letter that I wrote. So can I ask you, this is going a little far field, but under New Jersey's version of the FAA, whatever they've got, is there a difference in terms of the defenses or the arguments, I suppose, that your side could put forth when you filed a cognizable motion to vacate, as opposed to erecting as a defense against a motion to confirm? My understanding is that under the FAA, they're not necessarily parallel. There are more arguments that someone resisting confirmation of an arbitral award can invoke when they make a motion to vacate. Their options become more limited when they're simply defending against a motion to confirm. Is that also true under New Jersey law? From my perspective, Judge, the only difference is whether, is the time within which an application is to be made. Okay. But not substantively as to the bases for that application. I believe I'm out of time. Yeah, your time is run. And beyond time. Thank you, your honors. Mr. Schwab, you preserved the rights of the vote. I just, as what Judge Jacobs responded on the settlement agreement, since that was one of the points that the appellee made, I'm not running away from the settlement agreement at all. The settlement agreement is crystal clear that the arbitration award can be confirmed in a court. The bet then would be in Lakewood or an Israeli affiliated Besden. And the judgment may be rendered thereon in any court having jurisdiction thereof. That's on page A19 of the appendix. So any court that has jurisdiction can confirm this, that includes the Southern District. The next clause that the parties submit to the jurisdiction of the New Jersey state courts in the settlement agreement, or the courts of Israel, is once again a permissive forum selection clause. They submitted to jurisdiction in those places, but they don't have to go to those places. And it's very clear, that's another case where the initial clause states very clearly that New York was fine. I just want to address this one issue of reversing based just on subject matter jurisdiction. We know what the district court held about the interpretation of these agreements. And clearly the district court does not believe the Southern District was the proper venue for the arbitration. The Southern District was a proper venue for the subject, for the confirmation of this case. And therefore, whether venue or subject matter jurisdiction, that should be reversed. I also believe the other arguments, once again, they are all legal arguments. There are no factual issues about finality. It's only about attorney's fees. The law is attorney's fees does not make an arbitration ruling non-final. That's been stated in multiple cases. And the other issue is that the FAA governs here. There's no question the FAA governs here because of the reasons that we stated. The parties come from different places. The property involved, New York and New Jersey property, so the FAA governs here. And if the FAA governs, then the argument was made too late. I came first to court in the Southern District. I did it after the three months was up. Right a week after I filed, they realized, uh-oh, we have a problem. Then they went to New Jersey because they were untimely in federal court under the FAA. And there's no reason why this court, I understand there is a reason. There's second circuit jurisprudence, so generally you don't come to issues that weren't decided below. But there is second circuit law that says when it comes to choice of law, the second circuit has decided issues like that. Can I just ask you, I think as of the filing of the last of the briefs, the attorney fee issue had still not been resolved by the arbitrators. Is that still the current state of play? There was actually another application made by applicant two days after he filed his reply to this case. So that's still not done? Yeah, it's still not done, despite the fact that we've obviously tried to get them to issue a ruling on that. But no, they have not decided that and it's been quite a long time. But once again, attorney's fees does not prevent an arbitration ruling from being final. Thank you. Thank you, counsel. Thank you both. Thank you, your honors. We'll take the case under advisement.